JAMES C. NIELSEN (111889)
  *jnielsen@nielsenhaley.com*
JENNIFER S. COHN (169973)
  *jcohn@nielsenhaley.com*
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone:  (415) 693-0900
Facsimile:  (415) 693-9674

Attorneys for Defendant
DIAMOND STATE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Sonja R. Yonge, | Case No.: |
| Plaintiff, | |
| v. | Diamond State Insurance Company's Notice of Removal of Action Under 28 U.S.C. §1441(b) (Diversity) |
| Diamond State Insurance Company, et al. | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Diamond State Insurance Company hereby removes to this Court the state court action described below.

---

1

1.    Jurisdiction:  This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this  Court by defendant Diamond State pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

     A.   Amount in controversy:  The amount in controversy exceeds the sum of $75,000 because, in the complaint (attached as Exhibit A hereto), plaintiff Sonja Yonge seeks to recover from defendant Diamond State, among other things, a stipulated judgment totaling $850,000.  Diamond State contends that it owes plaintiff nothing.

     B.   Diversity of Citizenship:  Defendant Diamond State is informed and believes that plaintiff was, at the time of the filing of this action, and still is, a citizen of the State of California.  Diamond State was, at the time of the filing of this action, and still is, a citizen of Indiana and of Pennsylvania, incorporated under the laws of the State of Indiana, and having its principal place of business in the State of Pennsylvania.  Diamond State is the only defendant that has been served with a summons and complaint in this action.  Diamond State is not a citizen of the State of California.

2.    Pursuant to 28 U.S.C. §1441(a), this action is properly removed to the Eastern District of California, Sacramento Division, because the plaintiff's complaint (attached as Exhibit A hereto) was filed in Yolo County, which falls within such District and Division.

3.    Commencement of action:  On September 8, 2006, plaintiff Yonge commenced this action in the Superior Court of the State of California in and for

1  the County of Yolo.  The action is entitled *Sonja R. Yonge, Plaintiff v. Diamond*

2  *State Insurance Company, et al., Defendants*, Case No. CV06-1566.  **Attached as**

3  **Exhibit A is a copy of all documents served on Diamond State in this case,**

4  **including the summons, complaint, and notice of case management conference.**

5  **Exhibit A also includes a copy of Diamond State's answer to plaintiff's**

6  **complaint.  This answer was filed in state court and served on February 2,**

7  **2007.**

8          4.     <u>Service of complaint</u>:  The first date upon which Diamond State

9  received a copy of plaintiff's complaint was January 8, 2007, when Diamond

10 State's registered agent for service of process, CT Corporation System, received a

11 copy of the state court summons and complaint by certified mail.

12

13

14                         NIELSEN, HALEY & ABBOTT LLP

15

16

17 February 5, 2007          By:   _____

18                                 Jennifer S. Cohn
                                   Attorneys for Defendant
19                                 DIAMOND STATE INSURANCE COMPANY

20

21

22

23

24

25

26

27

28
_____

Diamond State Insurance Company's Notice of Removal of Action Under 28 U.S.C. §1441(b)

**Exhibit A**

# FARMER SMITH LAW GROUP, LLP

Blane A. Smith
bsmith@farmersmithlaw.com
(916) 484-3500 x 206

January 5, 2007

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
7006 2150 0004 4087 0004

Diamond State Insurance Company
c/o CT CORPORATION SYSTEM
818 W. 7th Street
Los Angeles, CA 90017

   **Re:   Sonja R. Yonge vs. Diamond State Insurance Company, et al.**

To Whom It May Concern:

   I represent plaintiff Sonja R. Yonge in the above-entitled matter.  CT Corporation System is listed as the agent for process of defendant Diamond State Insurance Company.  Please accept service on behalf of Diamond State Insurance Company and forward to the appropriate person(s).

   If you have any questions, please do not hesitate to contact me.

   Very truly yours,

   FARMER SMITH LAW GROUP, LLP

   Blane A. Smith

BAS/llm

F:Activematterdocs\admin\lori\l-CT Corp

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
Diamond State Insurance Company, and DOES 1
through 10, and COMPANIES RED, WHITE and BLUE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
Sonja R. Yonge

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
YOLO SUPERIOR COURT

SEP - 8 2006

By _____ **M. RICE**
Deputy

</td></tr>
</table>

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Yolo County Superior Court

725 Court Street          Woodland, California   95695

</td><td>

CASE NUMBER:
*(Número del Caso):* 7010-1566

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Blane A. Smith                    Farmer, Murphy, Smith & Alliston
3640 American River Drive, #150   Sacramento, California  95864
(916) 484-3500

DATE: 9/8/06          Clerk, by  **M. RICE**              , Deputy
*(Fecha)*             *(Secretario)*                      *(Adjunto)*

JAMES B. PERRY

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
*Martin Dean's Essential Forms ™*

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

BAS

<table>
<tr><td>1</td><td>BLANE A. SMITH (SB # 96795)<br>FARMER, MURPHY, SMITH & ALLISTON</td><td>(SPACE BELOW FOR FILING STAMP ONLY)</td></tr>
</table>

1  BLANE A. SMITH (SB # 96795)  (SPACE BELOW FOR FILING STAMP ONLY)
2  FARMER, MURPHY, SMITH & ALLISTON
   3640 American River Drive, Suite 150
   Sacramento, California 95864
3  Telephone:  (916) 484-3500
   Fax: (916) 484-3510                     F I L E D
4                                          YOLO SUPERIOR COURT

5  Attorneys for Plaintiff                 SEP - 8 2006

6                                          By_____M. RICE_____
                                                   Deputy
7

8              SUPERIOR COURT OF CALIFORNIA

9                   COUNTY OF YOLO

10 SONJA R. YONGE,              Case No. CV06-1566

11           Plaintiff,         COMPLAINT  FOR  BREACH  OF
                                CONTRACT;   BREACH   OF   THE
12 v.                           COVENANT  OF  GOOD  FAITH  AND
                                FAIR DEALING; ACTION ON POLICY –
13 DIAMOND   STATE   INSURANCE  INSURANCE CODE § 11580(b)(2)
   COMPANY, and DOES 1 through 10, and
14 COMPANIES RED, WHITE and BLUE,

15           Defendants.
                           /
16

## PRELIMINARY FACTUAL ALLEGATIONS

17     1.  SONJA R. YONGE, is an individual who, at all times alleged, was a resident of

18 the County of Yolo, California.

19     2.  Defendant DIAMOND STATE INSURANCE COMPANY was, and at all times

20 relevant is, a corporation organized and existing under the laws of the State of California

21 and authorized to transact and transacting the business of liability insurance in the State

22 of California.  Plaintiff is informed, believes, and thereon alleges that the principal place of

23 business of this defendant is located within the State of Indiana.

24     3.  FRANK H. WINSTON, SHRI KUBER, LLC, and HOWARD JOHNSON HOTEL

25 at all times relevant were and are residents of the County of Yolo in the State of California.

26     4.  Plaintiff SONJA R. YONGE sued HOWARD JOHNSON HOTEL, SHRI KUBER,

27 LLC, and FRANK H. WINSTON in Yolo County Superior Court civil action No. CV01-762.

28 This action will hereinafter be referred to as "the tort suit."

- 1 -
COMPLAINT

5.   The true names and capacities, whether individual, corporate, associate or otherwise of defendants DOES 1 through 10, and COMPANIES RED, WHITE, and BLUE, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend her complaint to allege these true names and capacities when ascertained.   The plaintiff is informed, believes and thereon alleges that the conduct of each of these defendants was a legal cause of injury and the damages as herein alleged, and that these fictitiously named defendants are, therefore, responsible to plaintiff for the damages sought herein.

6.  In the tort suit, plaintiff SONJA YONGE sued SHRI KUBER, LLC for wrongful constructive termination, claiming both breach of contract and violation of public policy, sexual harassment and defamation.   In the tort suit, plaintiff SONJA YONGE also sued FRANK WINSTON an employee of SHRI KUBER, LLC.  She alleged in her lawsuit that each defendant was the employee and/or agent, and acted on behalf of and for the benefit of, each of the other defendants.  In other words, the allegations of plaintiff's complaint in the tort suit asserted that SHRI KUBER, LLC was vicariously liable for the acts of FRANK WINSTON. Plaintiff further alleged that FRANK WINSTON threatened her with termination in retaliation for her report of inappropriate activities at her place of employment, that WINSTON defamed her, and that WINSTON, thereafter sexually harassed, discriminated and retaliated against her in various ways.  She alleges this conduct culminated in her constructive termination on June 14, 2000.

7.   The tort suit also alleged that defendants, including SHRI KUBER, LLC, had negligently and recklessly hired, employed, supervised, and trained WINSTON, failed to prevent or timely stop his conduct, and failed to select and supervise employees with due care.

8.   At all times relevant, defendant SHRI KUBER, LLC was insured by a policy of insurance issued by defendant herein DIAMOND STATE INSURANCE COMPANY, or by the fictitiously named defendants herein.  These defendants issued policy DSM5116608 to SHRI KUBER, LLC as a named insured, and the effective dates of the policy were

- 2 -

COMPLAINT

1   February 4, 1999 through February 4, 2000.

2   9.  Policy number DSM5116608, herein "the policy," expressly promised to defend

3   and indemnify SHRI KUBER, LLC for liability for bodily injury and property damage caused

4   by an occurrence, and for "personal injury," which it defined to include "oral or written

5   publication material that slanders or libels a person . . . or disparages a person's goods,

6   products, or services or oral or written publication of material that violates a person's right

7   of privacy."

8   10.  SHRI KUBER, LLC timely tendered defense of the tort suit to DIAMOND STATE

9   INSURANCE COMPANY.  DIAMOND STATE, however, denied coverage on or about

10  July 23, 2001 and continued to deny coverage thereafter.  DIAMOND STATE failed and

11  refused to defend, investigate, or indemnify SHRI KUBER, LLC and failed and refused to

12  attempt to effectuate in good faith a prompt and fair settlement of the tort suit.

13  11.  Denial by defendants, and each of them, of the tender of defense and the

14  refusal of the defendants to attempt to settle this matter, left SHRI KUBER, LLC without

15  insurance protection .  Because of this abandonment, SHRI KUBER, LLC stipulated for

16  entry of a judgment against it in this matter.  The judgment so stipulated to was in favor of

17  plaintiff YONGE and against SHRI KUBER, LLC in the amount of $850,000, inclusive of

18  all taxable costs.  The judgment was also subject to accrual of interest at the legal rate.

19  SHRI KUBER also assigned to plaintiff all assignable rights against defendants, and each

20  of them, to plaintiff YONGE.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

23  12.  Plaintiff realleges and incorporates herein by reference as though fully set forth

24  herein, each and every allegation contained paragraphs 1 through 11 above.

25  13. At all times material, SHRI KUBER, LLC and defendant DIAMOND STATE, and

26  the fictitiously named defendants herein, were parties to a contract, pursuant to which

27  defendants DIAMOND STATE INSURANCE COMPANY were to defend and indemnify

28  SHRI KUBER, LLC against liability claims of the type alleged by plaintiff YONGE in the tort

- 3 -
COMPLAINT

1    suit.

2        14.  SHRI KUBER, LLC performed all conditions of it in accordance with the terms

3    of the policy, including providing due and timely notice and proof of the claim, or, in the

4    alternative, is excused from performance of such obligations.

5        15.  Defendants and each of them have denied, and continue to deny, plaintiff the

6    benefits to which she is entitled under the terms of the policy as an assignee of the rights

7    of the insured SHRI KUBER, LLC, and have therefore breached the important material

8    promises made by defendants, and each of them, to SHRI KUBER, LLC, which benefits

9    plaintiff is entitled to by assignment.

10       16.  Defendants further have, by their conduct, lost the right to enforce limiting

11   language in the policy.  They have knowingly and voluntarily surrendered known rights so

12   as to waive limiting language.  They have conducted themselves, with knowledge of the

13   true facts concerning insurance coverage, and in the face of plaintiff and SHRI KUBER,

14   LLC's ignorance of these facts, so as ot induce detrimental reliance and invoke estoppel.

15   They have also forfeited the right to context coverage of this claim under the policy.

16       17.  As a direct and proximate result of the wrongdoing by defendants and each of

17   them, plaintiff has suffered damages both general and special, and will continue to suffer

18   future damages of similar nature and kind in the form of unpaid indemnity benefits on the

19   judgment, attorney fees and other economic losses, and interest, as well as damages for,

20   among other things, emotional distress, which are compensable in a claim for breach of

21   a liability insurance contract.

22       WHEREFORE, plaintiff prays for relief as stated in the prayer.

23                          **SECOND CAUSE OF ACTION**

24       **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

25       18.  Plaintiff realleges and incorporates herein by reference as though fully set forth

26   herein, each and every allegation contained in paragraphs 1 through 17 above.

27       19.  At all times relevant, the policy issued by defendants was subject to a legally

28   implied covenant of good faith and fair dealing which, among other things, required

- 4 -
COMPLAINT

1   defendants and each of them to promptly and thoroughly investigate any claim against

2   SHRI KUBER, LLC, and to give equal consideration to the interests of its insured as to its

3   own interests. Defendants breached this covenant of good faith and fair dealing, however

4   by: failing to properly investigate the claim; failing to objectively evaluate coverage for the

5   claim; by attempting to find reasons not to pay the claim instead of conducting a full and

6   fair investigation, inquiry and evaluation of the merits of the claim; by refusing to defend

7   SHRI KUBER, LLC; by refusing to settle the claim, and by otherwise depriving KUBER of

8   the benefits of the policy and without proper cause. Defendants knew, at the time these

9   decisions were being made, that they were wrongful. Specifically, defendants knew that

10  SHRI KUBER, LLC faced liability for bodily injury caused by an occurrence, in the form of

11  KUBER"s vicarious liability for the acts of FRANK WINSTON. Defendants, and each of

12  them, also knew that KUBER faced covered liability for various types of personal injury

13  described in the policy, including, but not limited to defamation and invasion of privacy.

14  Defendants and each of them further knew that exclusionary provisions on which

15  defendants relied in asserting lack of coverage were inapplicable and unenforceable, to

16  the extent they could not apply to WINSTON's harassment of the plaintiff predicated on

17  WINSTON's personal motivation, to the extent that these limitations were insufficiently

18  clear, conspicuous, unambiguous, and understandable to be enforced, and to the extent

19  defendants were equitably barred, by their conduct, from enforcing those limitations.

20       20.  At all relevant times, defendants, and each of them, wrongfully and arbitrarily

21  denied coverage for the claims in the tort suit. Defendants, and each of them, intentionally

22  denied SHRI KUBER, LLC and its assignee, Plaintiff, the benefits of the policy for which

23  premiums had been paid.

24       21.  As a result of the conduct alleged above, Plaintiff, as assignee of the insured

25  SHRI KUBER, LLC, as been forced to bring this complaint and incur the attorney fees and

26  costs for such even though it is reasonably clear that coverage was owed under the policy

27  and that SHRI KUBER, LLC, and SONJA YONGE, as assignee of SHRI KUBER, LLC is

28  entitled to the benefits promised under the policy to the full extent such benefits are

1  assignable.  In denying coverage, defendants and each of them ignored information

2  available and failed to obtain significant information and instead acted in conformity with

3  a pattern and practice of denying claims such as those presented in the tort suit, and of

4  denying such claims on specious grounds in order to reduce payment of valid claims and

5  improve the financial condition of defendants, and each of them, at the expense of their

6  insureds.

7      22.  As a proximate result of this wrongdoing, Plaintiff has suffered and will continue

8  to suffer damages hereinafter requested in this prayer of this complaint.  These damages

9  include emotional distress, the amount of the monetary judgment of $850,000 entered

10  against SHRI KUBER, LLC, interest on that amount and other consequential damages

11  subject to proof.

12      23.  The conduct of the defendants and each of them was malicious, oppressive,

13  and fraudulent, as defined in California Civil Code § 3294, and it entitles the plaintiff to

14  punitive damages, and to such other relief as will be set forth in the prayer below.

### THIRD CAUSE OF ACTION

#### (Insurance Code § 11580)

17      24.  Plaintiff realleges and incorporates herein by reference as though fully set forth

18  herein, each and every allegation contained in paragraphs 1 through 23 above.

19      25.  In the tort suit, Plaintiff recovered a judgment against the insured of defendants,

20  and each of them, which is covered by the terms of the policy issued by defendants, and

21  each of them.

22      26.  Pursuant to the provisions of California Insurance Code § 11580(b)(2), Plaintiff

23  YONGE is a judgment creditor of the insured, and brings this action against defendants,

24  and each of them, as a direct action under the aforesaid Insurance Code section.  Plaintiff

25  is further entitled, as a judgment creditor under the aforesaid code section, to direct

26  protection by the covenant of good faith and fair dealing, and to recover damages for

27  breach of that covenant as more fully alleged in the Second Cause of Action herein.

28      WHEREFORE, plaintiff prays for relief as follows:

1. For general damages in an amount according to proof;

2. For economic damages in an amount according to proof;

3. For attorney fees;

4. For punitive damages;

5. For costs of suit; and

6. For such other and further relief as is appropriate.

Dated:  September 8, 2006                    FARMER, MURPHY, SMITH & ALLISTON

By _____
                    Blane A. Smith

Attorneys for Plaintiff

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF YOLO<br>725 COURT STREET<br>WOODLAND, CA. 95695<br>530-406-6704 | **NOTICE OF CASE<br>MANAGEMENT<br>CONFERENCE** |
|---|---|
| Plaintiff(s): *Yinge*<br><br>vs.<br><br>Defendant(s): *Diamond State Ins.* | |
| | Case #: *CV06-1566* |
| **Case Management Conference is set for:** *1/29/07*<br>238 W. Beamer, Woodland, CA . | @ 9am in Department 16, |

This is Notice of your Case Management Conference (CMC). The date, time and department are written above.

1. In accordance with applicable statutes, California Rules of Court and Local Rules 10 and 11, you are hereby ordered to:
    (a) Serve all named defendants and file proofs of service on those defendants with the court within 60 calendar days of filing the complaint (CRC 201.7)
    (b) Serve a copy of this notice, the Case Management Statement and the ADR information sheet on all named parties in this action.
    (c) Comply with CRC 201.7(c), (d), (e), and (g) relating to responsive pleadings, cross complaints and extensions of time and defaults.
    (d) File and serve a completed Case Management Statement at least calendar 15 days before the CMC (CRC 212(g)). Failure to do so may result in monetary sanctions.
    (e) Meet and confer in person or by telephone to consider each of the issues identified in CRC 212(f) no later than 30 calendar days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, the court will order you to show cause why you should not be sanctioned. Sanctions may include monetary, evidentiary or issue sanctions, as well as striking pleadings and/or dismissal. The Order to Show Cause (OSC) will issue at the Case Management Conference and will be scheduled for hearing within 30 days.

3. When a default judgment is requested the party requesting the entry of default must obtain a judgment against the defaulting party within 45 days after entry of default, unless the court has granted an extension.

4. If a judgment or dismissal is filed with the court prior to the CMC, the CMC will be vacated and counsel/parties need not appear.  Counsel should check with Civil

Legal Process, (530) 406-6704, no later than 4:00 pm on the Friday before the CMC to confirm that the CMC has been vacated.

5. Parties may proceed to an alternative dispute resolution (ADR) process by filing a Stipulation and Order to ADR. (See, ADR Information Sheet and accompanying packet.) In such event, and if the Stipulation is on file 15 days prior to the scheduled CMC, the CMC will be continued for 90 days to allow the parties time to complete their ADR process. The court will notify the parties of their new CMC date.

6. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be fully familiar with the case and authorized to proceed, including setting a trial date.

7. Telephonic appearances at the CMC and with ADR Administrator are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference.

8. The case management judge will issue orders at the conclusion of the conference that may include: (a) referring parties to judicial arbitration or voluntary ADR; (b) setting an ADR completion date; (c) dismissing or severing claims or parties; (d) setting a trial date.

9. The case management judge may be the trial judge in this case.

10. For further information regarding Case Management, ADR and Case Management, Alternative Dispute Resolution programs, and CourtCall, see the court website at www.yolocourts.com.


James B. Perry, Court Executive Officer

Dated: _____       BY: _____
                                    Deputy Clerk

1   JAMES C. NIELSEN (111889)
     *jnielsen@nielsenhaley.com*
2   JENNIFER S. COHN (169973)
     *jcohn@nielsenhaley.com*
3   NIELSEN, HALEY & ABBOTT LLP
4   44 Montgomery Street, Suite 750
  San Francisco, California 94104
5   Telephone: (415) 693-0900
6   Facsimile: (415) 693-9674

7   Attorneys for Defendant
  DIAMOND STATE INSURANCE COMPANY
8

9

10           SUPERIOR COURT OF CALIFORNIA

11            COUNTY OF YOLO

12

13   Sonja R. Yonge,           Case No.: CV06-1566

14        Plaintiff,

15     v.

16   Diamond State Insurance Company, et al.   DIAMOND STATE INSURANCE COMPANY'S
                   ANSWER TO COMPLAINT
17        Defendants.

18

19

20

21

22

23      Defendant Diamond State Insurance Company ("Diamond State") hereby answers the

24   complaint filed by Sonja R. Yonge as follows:

25      Pursuant to California Code of Civil Procedure §431.30, Diamond State denies

26   each and every allegation contained in the complaint, except that Diamond State issued a

27   policy of liability insurance (the "Diamond State policy") to Shri Kuber, LLC dba

28

                               1

Howard Johnson-Davis ("the insured"), policy no. DSM5116608, effective February 4, 1999 through February 4, 2000, the terms of which speak for themselves.  Pursuant to California Code of Civil Procedure § 431.30, Diamond State further denies that plaintiff has been damaged in any sum, or sums, or at all.

### First Affirmative Defense to Entire Complaint

1.  The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense to Entire Complaint

2.  Plaintiff's claims are subject to the terms, conditions, provisions, endorsements, limitations and exclusions contained in the Diamond State policy.  These terms, conditions, provisions, endorsements, limitations and exclusions do not constitute new matter, however, and are not properly affirmative defenses, and are pleaded here only out of an abundance of caution.

### Third Affirmative Defense to Entire Complaint

3.  Plaintiff's claims are barred to the extent the insured failed and/or the plaintiff failed to mitigate damages.

### Fourth Affirmative Defense to Entire Complaint

4.  Plaintiff is precluded from collecting on the stipulated judgment referenced in the complaint to the extent such stipulated judgment is the product of fraud or collusion.

### Fifth Affirmative Defense to Entire Complaint

5.  Plaintiff is precluded from recovering on the stipulated judgment referenced in the complaint because such stipulated judgment does not satisfy the "actual trial"

2

1    requirement under the Diamond State policy.

2

3                    **Sixth Affirmative Defense to Entire Complaint**

4         6.       Plaintiff is precluded from recovering on the stipulated judgment referenced

5    in the complaint because such stipulated judgment is unreasonable as to amount.

6

7                   **Seventh Affirmative Defense to Entire Complaint**

8         7.       Plaintiff's claims are barred by the applicable statutes of limitation,

9    including without limitation C.C.P. §§337 and 339(1).

10

11                   **Eighth Affirmative Defense to Entire Complaint**

12        8.       By virtue of the conduct of plaintiff, the insured, and/or others, plaintiff's

13   claims are barred under the doctrine of unclean hands.

14

15                    **Ninth Affirmative Defense to Entire Complaint**

16        9.       By virtue of the conduct of plaintiff, the insured, and/or others, plaintiff's

17   claims are barred under the doctrine of equitable estoppel.

18

19                    **Tenth Affirmative Defense to Entire Complaint**

20        10.      Plaintiff's claims are barred due to the insured's failure to cooperate with

21   Diamond State in connection with the underlying claim.

22

23                   **Eleventh Affirmative Defense to Entire Complaint**

24        11.      Plaintiff is precluded from recovering to the extent her claims are barred

25   under the doctrine of champerty and maintenance.

26

27

28

---

### Twelfth Affirmative Defense to Entire Complaint

12.     Plaintiff's claims are barred because the insured violated the Diamond State policy provision stating that "No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent."

### Thirteenth Affirmative Defense to Entire Complaint

13.     Plaintiff's claims are barred because the complaint, and each cause of action therein, is fatally defective on the grounds of vagueness, ambiguity, and failure to properly allege and identify the terms and conditions of the alleged Diamond State policy which is the subject of the lawsuit.

### Fourteenth Affirmative Defense to Entire Complaint

14.     Plaintiff's claims are barred to the extent the insured and/or plaintiff failed to satisfy their duties in the event of occurrence, offense, claim or suit.

WHEREFORE, defendant Diamond State prays for judgment against plaintiff as follows:

1.     That plaintiff takes nothing by way of her complaint;

2.     For Diamond State's costs of suit;

3.     For Diamond State's attorneys' fees; and

4.     For such other and further relief as this court deems just and proper.

---

4

1

2                                    Respectfully submitted,

3

4                                    NIELSEN, HALEY & ABBOTT LLP

5

6    February 2, 2007              By: _____
                                         Jennifer S. Cohn
7                                        Attorneys for Defendant
                                         DIAMOND STATE INSURANCE COMPANY
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Diamond State Insurance Company's Answer to Complaint – CV06-1566

Diamond State Insurance Company, et al.

Yolo County Superior Court No: CV 06-1566

## PROOF OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of San Francisco. I am over the age of eighteen years, and not a party to the within cause. My business address is 44 Montgomery Street, Suite 750, San Francisco, California 94104.

On the date set forth below I served the following document(s) described as:

**DIAMOND STATE INSURANCE COMPANY'S ANSWER TO COMPLAINT**

[ ]    (BY FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date.

**[ XX ] (BY MAIL)** I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

[ ]    (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ]    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

**Attorney for Plaintiff, Sonja R. Yonge**
Blane A. Smith, Esq.
Farmer, Murphy, Smith & Alliston
3640 American River Drive, Suite 150
Sacramento, California 95864
Tel: 916-484-3500
Fax: 916-484-3510

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February 2, 2007, at San Francisco, California.

Sonia J. Ortiz

---